NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RECEIVED
SEP 19 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO INDEMNITY
CO., GEICO GENERAL INSURANCE
COMPANY, and GEICO CASUALTY
CO.,

    Plaintiffs,

v.

HAMILTON HEALTH CARE CENTER
P.C., BARRY FASS, M.D., DAVID E.
SMITH, M.D., STEPHAN KOSMORSKY,
D.O., NOLA T. MAHONEY, D.O., JOHN
J. MAHONEY, D.O., ANTHONY F.
PIERRO, D.C., STEPHEN M. LYCHOCK,
D.C., ALEXANDER J. KISHYK, D.C.,
GARDEN STATE MAGNETIC
IMAGING, L.L.C., REHAN ZUBERI,
NAZISH KHAN a/k/a NASH KHAN,
TARIQ DIN, FAIZAH ZUBERI, M.D.,

    Defendants.

Civ. No. 17-0674

**OPINION**

THOMPSON, U.S.D.J.

    This matter comes before the Court upon the motion by Plaintiffs Government Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co., and GEICO Casualty Co. (collectively "Plaintiffs") to Strike the Answers of Defendants Rehan Zuberi ("R. Zuberi") and Faizah Zuberi ("F. Zuberi") (collectively "Zuberi Defendants"). (ECF No. 28.) The Zuberi Defendants have not opposed this motion. The Court has decided this motion based upon the written submissions of the parties pursuant to Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiffs' Motion to Strike will be granted.

1

## BACKGROUND

This case arises out of an alleged insurance fraud scheme, whereby Plaintiffs claim Defendants made fraudulent insurance charges and claims amounting to $3,300,000 for the fraudulent provision of medical services. (Compl. ¶ 1, ECF No. 1.) Plaintiffs filed their Complaint against all Defendants on January 31, 2017. (ECF No. 3.) All Defendants except the Zuberi Defendants filed an Answer and Affirmative Defenses on March 29, 2017. (ECF No. 11.) On May 11, 2017, F. Zuberi sent an "answer" by email to Plaintiffs' counsel with the heading "Answers to Geico lawsuit." (Pls.' Mot. Strike, Kang Decl., Ex. A, ECF No. 28.) On June 8, 2017, the Court granted Plaintiffs' Motion for Substituted Service for the Zuberi Defendants (ECF No. 22), and a summons was returned executed on July 5, 2017 (ECF No. 24). On July 21, 2017, R. Zuberi sent a similar email to Plaintiffs' counsel. (Pls.' Mot. Strike, Kang Decl., Ex. B, ECF No. 28.) A number of Defendants were dismissed without prejudice per stipulation on July 20, 2017. (ECF No. 26, 27.) On July 31, 2017, Plaintiffs filed the present Motion to Strike the Zuberi Defendants' Answers, referring to their respective email responses. (ECF No. 28.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has "considerable discretion" in deciding a Rule 12(f) motion. *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993). Motions to strike are disfavored and usually will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *River Road Dev. Corp. v. Carlson Corp. Ne.*, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990); *Signature Bank v. Check-X-Change, LLC*, 2013 WL 3286154, at *4 (D.N.J. June 27, 2013). Courts can

2

also exercise their discretion to strike pleadings "if bad faith is found to underlie the denial or if the party intended to make the pleading evasive." *Great West Life Assurance Co. v. Leviathan*, 834 F. Supp. 858, 864–65 (E.D. Pa. 1993)

In the context of an answer, "defenses that are nothing more than bare bones conclusory allegations can be stricken" to avoid surprise and prejudice to the other party. *Huertas v. U.S. Dep't of Educ.*, 2009 WL 2132429, at *2 (D.N.J. July 13, 2009) (citing *F.D.I.C. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120–21 (D.N.J. 1994)); *Great West Life Assurance Co.*, 834 F. Supp. at 864 (granting motion to strike where defendant's "claim simply fails to provide notice of the nature of the defense"). The scope of Rule 12(f) relief extends to the general content of pleadings that fail to meet the standards set forth under Rule 8(b).[1] *See Sinclair v. Cattle Co., Inc. v. Ward*, 2015 WL 6125250, at *2 (M.D. Pa. Oct. 16, 2015) (striking parts of an answer where defendant's generic denials and "failure to identify the allegations excepted infects the entire response with ambiguity"); *Madjar v. N.J. Dep't of Corrs.*, 1993 WL 152066, at *5 (D.N.J. Apr. 5, 1993) (striking responses when a party improperly asserted a lack of knowledge or information as to facts within his knowledge); *Two Men and a Truck/Int'l, Inc. v. Empire Moving & Storage Inc.*, 2012 WL 12863124, at *2 (S.D. Fl. Nov. 14, 2012) (granting motion to strike where "[d]efendant's one-sentence Answer wholly fails to satisfy the requirements of Rule 8(b)").

---

[1] "In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b). Rule 8 also requires that denials "fairly respond" to the allegations of a pleading, though "[a] party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial." *Id.* 8(b)(2)–(3).

3

## DISCUSSION

Plaintiffs argue that the Zuberi Defendants' email responses fail to comport with Federal Rule of Civil Procedure 8; that their answers are unresponsive, vague denials; and that Defendants improperly allege that they lack information. (Pls.' Mot. Strike, Br. at 4–5, ECF No. 28.) Plaintiffs claim that due to these insufficiencies, they will suffer prejudice if the Court does not strike the responses. (*Id.* at 5.)

At the outset, the Zuberi Defendants' emails are neither answers properly filed with the Clerk of the Court nor properly served on Plaintiffs. (Pl.'s Mot. Strike, Br. at 2 n.1.) All pleadings that are required to be served, including answers, must be filed with the court. Fed. R. Civ. P. 5(d). Some courts have taken a hardline approach to this issue and find that where a document must be filed and a party fails to do so, the document itself is ineffective. *See Salusberry v. Atl. Richfield Co.*, 673 F. Supp. 811, 814 (N.D. Miss. 1987). *But see Almy v. Kickert School Bus Line, Inc.*, 2013 WL 80367 (N.D. Ill. Jan. 7, 2013) (noting Rule 5 "does not by its terms require the imposition of sanctions for noncompliance" and refusing to strike filing where it was filed by ECF and plaintiffs engaged with arguments raised therein). In that situation, other courts find they cannot consider such documents and a corresponding motion to strike is unripe or unnecessary. *See Winters v. Galaza*, 155 F. App'x 297, 298 (9th Cir. 2005); *Border Steel, Inc. v. Possehl, Inc.*, 2005 WL 5979354, at *1 (W.D. Tex. Nov. 8, 2005).

The Court finds that granting Plaintiffs' motion to strike is appropriate here due to the Zuberi Defendants' improper procedure. While Plaintiffs' counsel was provided with the response personally, the Zuberi Defendants improperly served this document to Plaintiffs by email, and the Court has not received formal notice of an answer or any document to add to the case docket. This conduct is an exercise of bad faith and disregard for judicial processes,

4

particularly after the Zuberi Defendants initially failed to respond, and the Court ordered substituted service.

Moreover, both emails make short, vague denials as to each cause of action at large, rather than corresponding with paragraphs or facts within the Complaint. (Kang Decl., Exs. A, B.) These statements fall short of the requirements of Rule 8. Although a party is permitted to make general denials in good faith under Rule 8(b)(3), the Zuberi Defendants' responses unfairly prejudice Plaintiffs by confusing and obscuring the issues of the case. *See Sinclair*, 2015 WL 6125250, at *3 ("A pleading model that obscures parties' positions on the bulk of the allegations against them until after discovery is neither permissible under the current rules, nor desirable."). Plaintiffs have no context to determine to what information they are responding. The emails are evasive responses to a thorough, factually-dense Complaint, rather than general, good faith denials. *Great West Life Assurance Co.*, 834 F. Supp. at 864–65.

Finally, R. Zuberi simply repeats the same phrase, "Defendant denies the allegations as baseless and false and judgment should not be granted," matched to six causes of action—as opposed to the Complaint's twelve. (Kang Decl., Ex. B.) Construing these statements broadly as affirmative defenses, they are bare and conclusory, do not properly respond to Plaintiffs' allegations, and provide Plaintiffs no information or notice of R. Zuberi's potential defenses. *Huertas*, 2009 WL 2132429, at *2; *Great West Life Assurance Co.*, 834 F. Supp. at 864.

The Court is persuaded by Plaintiffs' argument; both Zuberi Defendants' email responses, in lieu of answers, should be stricken. These responses were made in bad faith and do not comport with both procedural and substantive aspects of Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Strike the Answers of the Zuberi Defendants will be granted. An appropriate order will follow.

Date: 9/18/17

ANNE E. THOMPSON, U.S.D.J.