NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY CO.,<br><br>Plaintiffs,<br><br>v.<br><br>HAMILTON HEALTH CARE CENTER P.C., BARRY FASS, M.D., DAVID E. SMITH, M.D., STEPHAN KOSMORSKY, D.O., NOLA T. MAHONEY, D.O., JOHN J. MAHONEY, D.O., ANTHONY F. PIERRO, D.C., STEPHEN M. LYCHOCK, D.C., ALEXANDER J. KISHYK, D.C., GARDEN STATE MAGNETIC IMAGING, L.L.C., REHAN ZUBERI, NAZISH KHAN a/k/a NASH KHAN, TARIQ DIN, FAIZAH ZUBERI, M.D.,<br><br>Defendants. | Civ. No. 17-0674<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Defendant Nazish Khan ("Defendant Khan") to vacate the order for substituted service, the entry of default, and default judgment. (ECF No. 47.) Plaintiffs Government Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co., and GEICO Casualty Co. (collectively, "Plaintiffs") oppose. (ECF No. 48.) The Court has decided these Motions based upon the written submissions of the parties pursuant to Local Civil Rule 78.1(b). For the reasons set forth below, Defendant Khan's Motion is denied.

## BACKGROUND

This case arises out of an alleged insurance fraud scheme, whereby all Defendants in this action made fraudulent insurance charges and claims for the fraudulent provision of medical services. Garden State Magnetic Imaging, LLC ("GSMI") is an ambulatory care facility providing radiology services, which Plaintiffs have alleged to be owned and operated by Defendants Faizah Zuberi, Nazish Khan, and Tariq Din. (Compl. ¶¶ 83, 85, 88–89, ECF No. 1.) Hamilton Healthcare, P.C., is a medical professional corporation that also processed medically unnecessary exams, testing, pain management, treatment, and other services. (*Id.* ¶¶ 4(i), 132–36.) GSMI and Hamilton Healthcare shared an illegal kickback scheme. (*Id.* ¶¶ 102–08.)

Plaintiffs filed this lawsuit on January 31, 2017. (ECF No. 1.) Plaintiffs sued Hamilton Healthcare, physicians at Hamilton Healthcare, GSMI, and those associated with the ownership and control of GSMI. (Compl. ¶ 4.) The Complaint included twelve causes of action. Plaintiffs attempted regular service on all Defendants. (*See* ECF No. 3.) After these service attempts, Plaintiffs moved the Magistrate Judge, the Honorable Douglas E. Arpert, for substituted service for Defendants Rehan Zuberi and Khan. (ECF No. 19.) Judge Arpert granted Plaintiffs' motion and permitted substituted service on Defendant Khan by service upon Philip J. Cohen, Esq., of Kamensky, Cohen & Richelson, P.C., her counsel in a recent Mercer County lawsuit. (ECF No. 22.) After receiving no response, Plaintiffs requested and the Clerk entered default against Nazish Khan on August 3, 2017. (ECF No. 29.)

On November 8, 2017, Plaintiff moved for default judgment against Defendants Faizah Zuberi, Rehan Zuberi, Nazish Khan, Tariq Din, and GSMI. (ECF No. 35.) In opposition, Defendant Khan cross-moved to vacate default on the basis of improper service and to deny default judgment (ECF Nos. 41, 43), and Plaintiffs replied (ECF No. 42). On March 9, 2018, the

Court entered default judgment in favor of Plaintiffs against the defaulting Defendants and denied Defendant Khan's cross-motion to vacate default. (ECF Nos. 45, 46.) The Court specifically found "no basis to vacate or set-aside default judgment for improper service of process." (Op. at 7, ECF No. 45.) On April 6, 2018, Defendant Khan moved the Court to vacate: (1) Judge Arpert's order granting substituted service (ECF No. 22), (2) the entry of default by the Clerk of the Court (ECF No. 29), and (3) the entry of default judgment (ECF No. 46). (*See* ECF No. 47.) On May 11, 2018, Defendant Khan submitted an additional letter addressing claims by Defendant Khan's ex-husband Mashood Khan that Defendant Khan and her counsel made false certifications. (ECF No. 50.) This Motion is presently before the Court.

## LEGAL STANDARD

Rule 60(b) enables a party to seek relief from a final judgment based on six limited bases. *In re Bressman*, 874 F.3d 142, 148 (3d Cir. 2017); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). All motions made under Rule 60(b) must be made within a reasonable time of the entry of the order, judgment, or respective proceeding that the motion challenges. Fed. R. Civ. P. 60(c)(1). Motions under Rule 60(b)(1)–(3) are subject to an additional requirement that the motion must be made no more than one year after the judgment or order at issue is entered or following the respective proceeding. *Id.*; *see In re Bressman*, 874 F.3d at 149; *Hibbert v. Bellmawr Park Mut. Hous. Corp.*, 2016 WL 3900764, at *3 (D.N.J. July 18, 2016). Rule 60(b) motions are "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Gochin v. Thomas Jefferson Univ.*, 667 F. App'x 365, 366 (3d Cir. 2016) (per curiam) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)). It is within the trial court's sound discretion to grant or deny a motion to vacate judgment. *See id.* at 367 ("We review the denial of a Rule 60(b) motion for abuse of discretion.").

## DISCUSSION

Defendant Khan asks the Court to vacate three specific orders pursuant to Rule 60(b): (1) the order granting substituted service (ECF No. 22), (2) the Clerk's entry of default against Defendant Khan (ECF No. 29), and (3) the Court's award of default judgment against Khan (ECF No. 46). (Def. Khan's Mem. at 1, ECF No. 47-1.) She asserts that Rule 60(b) is satisfied by excusable neglect on her own part, misconduct and lack of diligence by Plaintiffs, and the interests of justice. (*Id.*) Defendant Khan also argues that, in the alternative, she has a meritorious defense to overcome default judgment. (*Id.* at 9.) Plaintiffs generally respond that Defendant Khan improperly seeks appeal or reconsideration of default judgment. (*See generally* Pls.' Opp'n, ECF No. 48.) The Court will analyze each of the orders Defendant Khan seeks to vacate and her arguments pursuant to Rule 60(b).

### I. Order Granting Substituted Service (ECF No. 22)

Defendant Khan claims that Judge Arpert's order should be vacated because Plaintiffs did not exercise diligent inquiry and good faith in effectuating service of process to warrant substituted service. (Def. Khan's Mem. at 5–6.) In response, Plaintiffs argue that a Rule 60 motion is the improper vehicle to address a non-final order permitting substituted service—reconsideration would have been the more appropriate method of challenge. (Pls.' Opp'n at 10–11.) And in the alternative, the Court already concluded that the substituted service was valid. (*Id.* at 12.)

Rule 60 applies to a "*final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The concept of finality on a motion to vacate is governed by the same standard applicable to finality on appeal. *See Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004). A final decision is "one which disposes of the whole subject, gives all the relief

that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, *ministerially*, the execution of the decree." *Id.* (quoting *Isidor Paiewonsky Assocs., Inc. v. Sharp Propos., Inc.*, 998 F.2d 145, 150 (3d Cir. 1993)) (interpreting *Caitlin v. United States*, 324 U.S. 229, 233 (1945)). Meeting none of these criteria, nor "purport[ing] to resolve[] any of the claims that [Plaintiff] presented to the District Court," this order permitting substituted service does not qualify as a final order. *Id.* Accordingly, the Court cannot review Judge Arpert's order on this Motion to Vacate, and the Motion must be denied with respect to ECF No. 22.

## II. Entry of Default (ECF No. 29) and Default Judgment (ECF No. 46)

Defendant Khan next argues that default and default judgment should be vacated because Plaintiff failed to fully or properly comply with the order for substituted service, rendering default and default judgment void (Def. Khan's Mem. at 2, 5–6), and because she never received the complaint, establishing excusable neglect (*id.* at 4). Defendant Khan also claims that an analysis of the default judgment factors marshals in favor of vacating default and default judgment, arguing she has a meritorious defense, Plaintiff will not be prejudiced, and she is not culpable in her delay. (*Id.* at 8–10.)

### A. Are Default and Default Judgment Void?

A motion to vacate may be granted where the judgment is void. Fed. R. Civ. P. 60(b)(4). A default judgment, and the precursor entry of default, is void where predicated on improper service. *See Wahab v. N.J. Dep't of Env. Protection*, 2017 WL 4790387, at *3 (D.N.J. Oct. 24, 2017); *Marks & Sokolov, LLC v. Mireskandari*, 2015 WL 1133788, at *3 (E.D. Pa. Mar. 11, 2015), *aff'd Marks Law Offices v. Mireskandari*, 704 F. App'x 171 (3d Cir. 2017). The ultimate goal of service is to provide "'notice reasonably calculated . . . to apprise interested parties of the

pendency of the action,' and thus satisf[y] the requirements of the Due Process Clause." *Marks Law Offices*, 74 F. App'x at 177 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (omission in original); *James v. City of Jersey City*, 187 F.R.D. 512, 516 (D.N.J. 1999) ("The service rules were fashioned to provide defendants with notice and an opportunity to defend themselves[.]").

Defendant Khan asserts that the orders for default and default judgment are void because "Plaintiffs[] failed to demonstrate diligent effort and inquiry" in their service attempts to justify granting substituted service (Def. Khan's Mem. at 5–7), and that Plaintiffs failed to comply with Judge Arpert's order which required she also be served by certified and ordinary mail pursuant to New Jersey Court Rule 4:4-4(b)(1)(C) (*id.* at 2, 7). Plaintiffs construe this argument to be an allegation of their own fraud, misrepresentation, or misconduct under Rule 60(b)(5). (Pls.' Opp'n at 14–15.)

Upon granting substituted service, "the Court . . . found that the Plaintiffs ha[d] taken diligent steps to locate and serve these defendants." (ECF No. 22.) Therefore, the Court will not consider the first argument with respect to Plaintiffs' diligence or lack thereof, as it improperly seeks to disturb Judge Arpert's order. *See supra* section I. Moreover, upon review of the documents submitted in support of Plaintiffs' motion for substituted service, the Court agrees with Judge Arpert's conclusion. (*See* Pls.' Br. at 6, ECF No. 19-1 ("[M]ultiple attempts have been made to personally serve Zuberi and Khan at their domiciles through a process server. In addition, secondary steps were taken to assure that the addresses obtained were accurate and to locate alternate locations of service including completing exhaustive online public record searches through paid and free databases."). On this basis, default and default judgment should not be vacated for improper service or lack of notice.

As to the second argument, the Court has already concluded that "[d]espite Mr. Cohen's certifications" that he did not receive the complaint, "service on Defendant Khan was in fact valid." (Op. at 7, ECF No. 45.)[1] The certificate of service Plaintiffs docketed demonstrates "that the complaint was left with an individual named Fran [Connelly], a person authorized to accept service" at the law offices of Kamensky, Cohen & Riechelson. (*Id.* (citing Affidavit of Service for Philip J. Cohen, Esq., ECF No. 24-1).) Here, like in *Marks & Sokolov*, Plaintiffs attempted to effectuate service at addresses found in both public and private people searches (Kang Decl. ¶¶ 6–7, ECF No. 19-1; Lexis Public Record Search, Ex. B., ECF No. 19-2), as well as upon counsel that had represented Defendant Khan just a few months before substituted service was effectuated (Kang Decl. ¶ 8, ECF No. 19-1); this conduct was reasonably calculated to apprise Defendant Khan of the litigation such that it did not offend due process. *See* 2015 WL 1133788, at *6. Per Defendant Khan's supplemental submission to the Court by letter, Defendant Khan was aware of this lawsuit as early as February 14, 2017 when GSMI was served at her place of employment. (Ex. A, ECF No. 50-2; Khan Suppl. Cert. ¶ 2, ECF No. 50-3.) Defendant Khan contends that substituted service was also improper because Plaintiffs did not fully comply with Judge Arpert's order to serve by mails. While this failure may constitute a violation of a court order, this violation does not offend due process because Judge Arpert's order did not in any way find that constitutionally-adequate service was contingent on service by *both* methods. On

[1] In her present Motion, Defendant Khan argues that her conduct is not culpable, justifying relief for excusable neglect, because she had no actual notice of the claims against her. (Def. Khan's Mem. at 10.) Defendant Khan also notes that "this Court incorrectly read Khan's cross-motion to set aside default as contesting service of process." (*Id.*) The Court, respectfully, disagrees. The cross-motion specifically claimed that default must be set aside because she never received the complaint. (Def. Khan's Br. at 4, ECF No. 41-3.) Actual receipt is not the standard for service—as discussed above, service is designed to achieve notice that comports with the Due Process Clause and must be reasonably calculated to apprise one of a pending lawsuit. *See Marks Law Offices*, 704 F. App'x at 177.

balance, the Court is satisfied that the prior service attempts coupled with service to Mr. Cohen's office were adequate to meet the constitutional notice standard. Accordingly, the orders for default and default judgment are not void.

B. <u>Has Defendant Khan Established Excusable Neglect?</u>

For a motion to vacate predicated on excusable neglect, *see* Fed. R. Civ. P 60(b)(1), courts must consider the four factors set forth by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993): "the danger of prejudice to the [non-movant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000) (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 350 (3d Cir. 1995)). "This is an equitable test, which requires a court to take into account the totality of the circumstances." *Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 909–10 (3d Cir. 2010); *see also N.J. Bldg. Const. Laborers Dist. Council v. Robert DeForest Demolition Co., Inc.*, 2012 WL 5304700, at *2 (D.N.J. Oct. 25, 2012) (finding no excusable neglect where respondent's sole shareholder was deceased at the time of filing because there was a representative for the estate). The Court is mindful that "[e]xcusable neglect is the exception, not the rule." *Lubetkin v. DWK, Inc.*, 2007 WL 610408, at *2 (D.N.J. Bankr. Feb. 22, 2007).

Defendant Khan argues that her failure to appear or respond is a result of excusable neglect because her attorney did not provide her with the summons and complaint. The length of delay factor counsels in Defendant Khan's favor: some time has passed since the beginning of this suit (ECF No. 1, 1/31/17), but very little time has elapsed since the Court awarded default judgment (ECF No. 46, 3/9/18). The Court agrees with Defendant Khan that the stipulated

extension of motions between November and December of 2017 should have no bearing on this analysis. (*See* Def. Khan's Reply at 11, ECF No. 79.) As discussed in the Court's last Opinion, however, Plaintiffs will suffer prejudice if default judgment is vacated for excusable neglect: this case has been open since February 2017, but there has been no development in pre-trial discussions or discovery. *Cf. Leenstra v. Then*, 2013 WL 246876, at *2 (D.N.J. Jan. 22, 2013) (finding no prejudice where parties already "completed fact discovery, exchanged expert reports, and prepared for summary judgment" with "thorough briefs"). Plaintiffs extensively assert that they would suffer prejudice were the judgment vacated. (Pls.' Opp'n at 8 n.5 (emphasizing that Khan has presented no meritorious defense that would allow Plaintiffs to vindicate their claims); *id.* at 20 n.9 (detailing how loss of evidence, faded memories, and additional fraud is likely given Defendant "Khan's shifting contentions as to the nature and extent of her ownership of GSMI").)

Next, Defendant Khan asserts that the reason for the delay is the "lack of notice and clear dereliction of a duty owed by Khan's former attorney to her." (Def. Khan's Mem. at 4; Def. Khan's Reply at 2.) In her recent response letter and certification to the Court, it seems as though Defendant Khan also attempts to shift culpability to a different attorney she consulted after GSMI was served and she was effectively on notice of the action. (Khan Suppl. Cert. ¶¶ 4–7 (explaining that Edward Hunter, Esq., advised she take no action on lawsuit until personally served).) Attorney misconduct or inaction may be grounds for excusable neglect, depending on the weight of the other *Pioneer* factors. *See In re Subramanian*, 245 F. App'x 111, 117 (3d Cir. 2007); *In re Interstate Grocery Distr. Sys., Inc.*, 267 B.R. 907, 912 (D.N.J. Bankr. 2001). While Defendant Khan's admission that she "had notice of the Complaint as a result of Plaintiffs' service upon Garden State Magnetic Imaging, LLC" (Def. Khan's Letter at 2, ECF No. 50) does

not bear on the adequacy of service explored above, it demonstrates that Defendant Khan's failure to respond is possibly attributable to her own conduct, not simply neglect by her attorney.

Finally, Defendant Khan asserts that she has acted in good faith, seeking to actively defend herself in this action. (Def. Khan's Reply at 2.) This factor is in equipoise. While it is true that Defendant Khan has now appeared and involved herself in motion practice, the substance of her defenses, *see supra* section II.C, do not necessarily display good faith efforts to defend. These factors appear in balance, and accordingly, the Court cannot find vacature warranted, particularly without consideration of the default judgment factors.

C. <u>Should Default Judgment be Vacated under the Default Judgment Factors?</u>

A court must consider four factors when deciding whether to vacate a default judgment order: "(1) whether lifting the default judgment would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 139–40 (3d Cir. 2017) (internal citations omitted). Whether or not the defendant has a meritorious defense is a threshold issue. *See In re Subramanian*, 245 F. App'x at 115. "A defendant has the burden of showing with some specificity the basis for his defense." *Lubetkin*, 2007 WL 610408, at *2. Allegations of a defense must be grounded in specific facts, not "simple denials or conclusory statements," *United States v. $55,518.05 in. U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1983), nor "a verbatim excerption of the statutory language[]" on which a plaintiff's claim relies, *Nyholm v. Pryce*, 259 F.R.D. 101, 106 (D.N.J. 2009).

In support of this Motion, Defendant Khan submitted a certification detailing facts which she posit support her meritorious defense. Defendant Khan asserts she had no direct ownership

interest in GSMI at its inception (Khan Cert. ¶ 8, ECF No. 47-2), she oversaw the day-to-day operations of GSMI (*id.* ¶ 30), she has no knowledge of any possible kickbacks (*id.* ¶¶ 31–32), and she has reviewed GSMI bank records which gave her no reason to believe kickbacks occurred (*id.* ¶¶ 28, 33). Defendant Khan also asserts that her GSMI office is not linked to the Operation RayScam investigation, nor was there a warrant issued for her location—only an Elizabeth office with which she has no association. (*Id.* ¶¶ 37, 41–45.) Finally, she repeatedly distances herself and GSMI from Rehan Zuberi. (*Id.* ¶¶ 19–20, 36, 40.)

It is true that if Defendant Khan had no knowledge of the alleged fraud or involvement therein, she likely could not be liable for the Counts of common law fraud and violations of the New Jersey Insurance Fraud Protection Act, for which a required element is knowledge by the defendant. (Op. at 8, 9). *See Alliots v. Meat House Franchising, LLC*, 2014 WL 3517777, at *2–3 (D.N.J. July 14, 2014) ("All the counts of the Complaint rely upon alleged misrepresentations about the financial condition of MHF. Brown has submitted a declaration which, if true, demonstrates that Brown personally made no misrepresentations about the financial status of MHF or any of its franchises. If it is true that Brown made no misrepresentations about the financial condition of MHF, then he could not be held liable under any of the counts of the Complaint for his own actions."). While Defendant Khan contends that Plaintiffs cannot dispute her "clear and substantiated denial of any knowledge of or participation in a fraudulent scheme" (Def. Khan's Reply at 3), the Court does not believe that her declaration adequately supports that determination. She provides conclusory, generalized denials of her involvement and knowledge, rather than facts or documents to support those assertions. Defendant Khan did attach a business license and print-outs from the NJ AG's investigation of Rehan Zuberi's fraud scheme, Operation RayScam. (Exs. B–D, ECF Nos. 47-3, 47-4, 47-5, 47-

6.) There is no indication, however, that the information provided is a comprehensive picture of the entities tied to Rehan Zuberi's fraud, and therefore, this submission alone cannot negate her liability. *Cf. Howard Johnson Int'l, Inc. v. IMH, LLC*, 2017 WL 555988, at *3 (D.N.J. Feb. 10, 2017) (finding meritorious defense where defendant provided affidavit that signature was not his, as well as copy of reports of signature experts regarding the validity of signatures at issue in the action).

Plaintiffs extract key denials set forth in Defendant Khan's declaration and describe why "even if accepted as true—[they] would not constitute a complete defense to the action." (Pls.' Opp'n at 25.) As Plaintiffs also note, Defendant Khan supervises day-to-day operations, and when GSMI merged with another entity, she held a 50% ownership. (Pls.' Opp'n at 26; Verified Compl. ¶¶ 12–13, Ex. B, ECF No. 48-5 (complaint filed by Defendant Khan in Superior Court, Chancery Division, Mercer County, attesting to her ownership interest as of July 21, 2016).) These facts cast doubt on some of Defendant Khan's current representations.

It is also noteworthy that the facts in this certification were not presented to the Court on Defendant Khan's original cross-motion to vacate default as support for her alleged meritorious defense. On that motion she raised irrelevant RICO defenses, claimed that Plaintiffs improperly group-pled fraud, and argued that the allegations of fraud did not meet Rule 9(b). (*See* Op. at 13–15.) The certification she provided in support of the motion only addressed the issue of service (*see generally* Khan Cert., ECF No. 41-4); there was nothing related to her ownership of GSMI, her involvement in the company, her knowledge of kickbacks, or the misconduct of others that she now alleges.

Likewise, Defendant Khan "failed to submit a proposed answer with [her] motion to vacate default, as required by Local Rule 7.1(f)"—with her original cross-motion in January *and*

with her initial moving papers for this Motion to Vacate. *Borges v. Santos*, 2011 WL 3515996, at *1 (D.N.J. Aug. 11, 2011); *Marks & Sokolov*, 2015 WL 1133788, at *7 ("Defendants have not even attached a proposed Answer to their motion to set aside the default judgment.").[2] Defendant Khan has now submitted a proposed answer with her reply to Plaintiffs' opposition, but this document hardly meets the standard for a meritorious defense. (Def. Nazish Kahn's Answer to Pls.' Compl., Ex. A, ECF No. 49-2.) Defendant Khan repeats the same denials—"[t]he allegations contained within Paragraph [x] of the Complaint are denied," and "[t]he allegations contained within Paragraph [x] of the Complaint are denied as this count is not directed to this Defendant"—for all 508 paragraphs of the Complaint. (*See generally id.*)[3]

The Court has already addressed culpability and prejudice in the analysis of the *Pioneer* factors, but because Defendant Khan fails to advance a meritorious defense, there is no basis on which to vacate default or default judgment. Both analyses, on balance, disfavor vacating default and default judgment.

D. <u>Does Justice Warrant Granting Defendant Khan's Motion to Vacate?</u>

Rule 60(b) also includes a catch-all provision, permitting courts to vacate a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To do so, "a court must find there are 'extraordinary circumstances.'" *Ethan Michael Inc.*, 392 F. App'x at 910 (quoting

---

[2] According to the Local Rules,

> Upon filing of a motion for leave to file an amended complaint or answer, a complaint in intervention, or other pleading requiring leave of Court, the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled. If leave to file is granted, the moving party shall file the original forthwith.

L. Civ. R. 7.1(f).

[3] Defendant Khan also includes ten general affirmative defenses: failure to state a claim; unclean hands; estoppel; laches, and waiver; no duty violated, damages not a result of Defendant's actions, etc. (*Id.* at 28.)

*Budget Blinds Inc. v. White*, 536 F.3d 244, 251, 254 (3d Cir. 2008)). "While Rule 60(b)(6) 'is a grand reservoir of equitable power to do justice in a particular case,' the Rule does 'not confer upon the district courts a "standardless residual discretionary power to set aside judgments."''" *Dunkin' Donuts, Inc. v. Arkay Donuts*, 2006 WL 2417241, at *6 (D.N.J. Aug. 21, 2006) (quoting *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977) (internal citations and quotations omitted))).

Defendant Khan argues that justice requires vacating default judgment because she will face "not only compensatory, but statutory damages for a claim that she can defend completely." (Def. Khan's Mem. at 8; Def. Khan's Reply at 1 (describing a "massive default judgment" and "draconian award of statutorily trebled damages").) The Court has already concluded that Defendant Khan does not present a meritorious defense such that she can survive default judgment. Without any other justification provided by Defendant Khan the Court cannot find that extraordinary circumstances and the interests of justice warrant relief.

## CONCLUSION

For the foregoing reasons, Defendant Khan's Motion to Vacate is denied. A corresponding order will follow.

Date: 5/24/18

ANNE E. THOMPSON, U.S.D.J.