NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY CO., <br><br> Plaintiffs, <br><br> v. <br><br> HAMILTON HEALTHCARE CENTER, P.C., BARRY FASS, M.D., DAVID E. SMITH, M.D., STEPHEN KOSMORSKY, D.O., NOLA T. MAHONEY, D.O., JOHN J. MAHONEY, D.O., ANTHONY F. PIERRO, D.C., STEPHEN M. LYCHOCK, D.C., ALEXANDER J. KISHYK, D.C., GARDEN STATE MAGNETIC IMAGING, L.L.C., REHAN ZUBERI, NAZISH KHAN a/k/a NASH KHAN, TARIQ DIN, and FAIZAH ZUBERI, M.D., <br><br> Defendants. | Civ. No. 17-674 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion to Enter a Charging Order filed by Plaintiffs Government Employees Insurance Co., Geico Indemnity Co., Geico General Insurance Company, and Geico Casualty Co. (collectively, "Plaintiffs"). (ECF No. 61.) Defendant Nazish Khan opposes. (ECF No. 65.) The Court has decided the Motion on the written submissions of the parties, pursuant to Local Rule 78.1(b). For the reasons stated herein, the Motion is granted.

## **BACKGROUND**

This case arises out of allegations that all Defendants in this action made fraudulent

1

insurance charges and claims for the provision of medical services. On August 3, 2017, default was entered against Defendant Khan. (ECF entry dated 08/03/2017.) On March 9, 2018, default judgment was entered against Defendant Khan and others. (Op., ECF No. 45; Order & J. at 2, ECF No. 46.) On May 25, 2018, the Court denied a motion to set aside the default and the default judgment. (ECF Nos. 51–52.)

The judgment makes Defendant Khan jointly and severally liable, with other Defendants, for $2,313,659.73. Plaintiffs collected $1,235.05 from a bank account controlled by Defendant Khan, leaving $2,312,406.68 outstanding. (Yang Decl. ¶ 5, ECF No. 61-2.)

Defendant Khan has an ownership interest in Pennsauken Diagnostic Center, LLC ("PDC") and Professional Medical Resource Management, LLC ("PMRM"). (*See* Pls.' Br. at 4–6, ECF No. 61-1 (summarizing evidence of Defendant Khan's interests).) In the present Motion, Plaintiffs seek an order that would charge Defendant Khan's interests with paying the outstanding judgment amount. (ECF No. 61.) Plaintiffs filed the Motion on December 10, 2018. (*Id.*) After receiving an extension of time (ECF entry dated 01/02/2019), Defendant Khan opposed on January 8, 2019 (ECF No. 65). Plaintiffs replied on January 15, 2019. (ECF No. 67.) This Motion is presently before the Court.

## **LEGAL STANDARD**

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides that:

A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

New Jersey law provides further procedure for collecting a money judgment from the interest of a limited liability company ("LLC"): "On application by a judgment creditor of a member, a court may charge the transferable interest of the [LLC] member with payment of the unsatisfied

2

amount of the judgment with interest." N.J.S.A. § 42:2C-43; *see also Leonard v. Leonard*, 52 A.3d 214, 216 (N.J. Super. Ct. Ch. Div. 2012) (applying the statute to issue a charging order). A charging order issued under this statute does not give the judgment creditor any rights of control over the LLC's operations; rather, it provides "only the rights of an assignee of the [LLC] interest," namely the right to receive distributions from the LLC. N.J.S.A. § 42:2C-43; 16 Audrey M. Weinstein & James W. Kerwin, N.J. Practice Series § 44:8.20 (4th ed., July 2018 update).

## **DISCUSSION**

The Federal Rules of Civil Procedure instruct the Court to follow state procedure in executing a judgment, and New Jersey statute clearly allows the Court to issue a charging order in favor of Plaintiffs, judgment creditors, and against Defendant Khan, the judgment debtor.

According to Defendant, the law firm Stark and Stark has a lien on Defendant's interests in PDC and PMRM, and these liens have priority over the charging order sought by Plaintiff. (Def.'s Br. at 2–6.) However, Stark and Stark is not a party to this case, and the Court will not resolve a non-party's priority dispute. *See Brenner Fin., Inc. v. Cinemacar Leasing*, 2012 WL 1448048, at *5 n.6 (N.J. Super. Ct. App. Div. Apr. 27, 2012) (declining to determine priority of a non-party). With no barrier to doing so, the Court will issue a charging order.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Enter a Charging Order is granted. An appropriate Order will follow.

Date:  1/17/2019                     */s/ Anne E. Thompson*
                                     ANNE E. THOMPSON, U.S.D.J.